# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

**HANNAHAN ENDODONTIC GROUP, P.C.**
individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

**INTER-MED, INC. d/b/a VISTA DENTAL PRODUCTS**

    Defendant.

**CIVIL ACTION NO.** 2:15-cv-01038

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1.    In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." 47 U.S.C. § 227, Congressional Statement of Findings #5. In enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile, hereinafter "Junk Faxes." 47 U.S.C. § 227. Plaintiff, Hannahan Endodontic Group, P.C., is a private dental practice in Mobile, Alabama, which has been inundated with Junk Faxes. Hannahan brings this class action to challenge Defendant Inter-Med, Inc. d/b/a Vista Dental Products' wholesale issuance of Junk Faxes in violation of the TCPA.

## THE PARTIES

2. The Plaintiff, Hannahan Endodontic Group ("Plaintiff" or "Hannahan"), is a private endodontic practice located in Mobile, Alabama.

3. The Defendant, Inter-Med, Inc. d/b/a Vista Dental Products ("Defendant"), is a domestic corporation located at 2200 Northwestern Ave, Racine, Wisconsin 53404.

## JURISDICTION

4. The District Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District and a substantial portion of the facts and circumstances that give rise to the cause of action occurred here, as Defendant sent the challenged Junk Faxes from this District.

## THE LEGAL BASIS OF THE CLASS CLAIMS

6. Hannahan's claims, and those of the class it seeks to represent, arise under the TCPA.

7. Among other provisions, the TCPA forbids Junk Faxes – sending unsolicited advertisements for goods and services via facsimile. 47 U.S.C. §227(b)(1)(C).

8. The TCPA requires that even fax advertisements being sent to those who consented to their receipt, or with whom the advertiser had an established business relationship, must include an Opt Out Notice. 47 U.S.C. §227(b)(2)(D).

9. Among other things, the Opt Out Notice provision requires the sender to clearly disclose in the body of the fax that recipients may request that the sender stop sending them fax

advertisements – and that failure to remove the recipient from the sender's database within thirty days of such a request is itself a violation of the TCPA.

10. Section §227(b)(3) of the TCPA provides a private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each violation, whichever is greater, or (C) both such actions.

### FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

11. On July 10, 2015, Vista Dental Products (doing business on behalf Inter-Med) sent a fax advertisement to Hannahan touting its dental products.

12. A copy of the advertisement is attached as <u>Exhibit A</u>.

13. This fax advertisement is a form document that is not addressed to Hannahan, or anyone in particular. The fax shows it was sent by "Vista Dental" from the fax number 262-636-9760.

14. The fax advertisement was sent by Vista Dental Products (doing business on behalf of Inter-Med) itself. It indicates it was sent by Steve McCormick, Inside Sales Representative, at Vista Dental Products. Steve McCormick's contact information is provided on the facsimile advertisement, including his e-mail address of: smccormick@vista-dental.com

15. This facsimile advertises Vista Dental Products' goods and services, including products typically used in the dental or endodontic practice.

16. Hannahan is not a customer of Defendant.

17. Hannahan did not consent to receive fax advertisements from Defendant.

18. The Fax Advertisement did not contain an Opt Out Notice that complies with the TCPA.

## CLASS ALLEGATIONS

19. Hannahan brings this action under Fed. R. Civ. P. 23.

20. Through the transmission of generic fax advertisements promoting its goods and services, including the Junk Fax it sent to Hannahan, Defendant has engaged in wholesale violations of the TCPA.

21. Based on the generic style of the fax advertisement, the standard telemarketing reach of a Junk Fax campaign, and the geographic distance between Hannahan's office and Defendant's locale, Defendant has likely transmitted Junk Faxes to thousands of recipients throughout the United States.

22. Defendant did not obtain the consent of Junk Fax recipients prior to sending them.

23. To the extent facsimile advertisements were transmitted by Defendant to those who had given consent, or had an established business relationship with it, of which there is no evidence at this time, the Junk Faxes still violate the TCPA, as they did not contain the Opt Out Notice required by law.

24. The class that Hannahan seeks to represent is composed of all persons or entities within the United States to whom Defendant sent Junk Faxes promoting Vista Dental Products' goods or services at any time within four years prior to the filing of this Complaint through the date of certification in this action.

25. The class defined above is identifiable by Defendant and its business partners or agents, from the databases used to send the Junk Faxes.

26. There are questions of law and fact common to Hannahan and to the proposed class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by engaging in fax advertising;

    b. Whether the facsimiles sent by Defendant to class members constitute unsolicited advertisements; and

    c. Whether Hannahan and the members of the class are entitled to statutory damages as a result of Defendant's actions.

27. Hannahan's claims are typical of the claims of the class.

28. Hannahan is an adequate representative of the class because its interests do not conflict with those of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

29. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for the fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

30. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

31. Hannahan is capable of representing the members of the class.

## CAUSES OF ACTION
### COUNT I: VIOLATION OF THE TCPA

32. Defendant caused Junk Faxes promoting its goods and services to be sent to Hannahan and class members, in violation of the TCPA.

33. By sending Junk Faxes to the class, Defendant violated class members' privacy rights.

5

34. By sending Junk Faxes to the class, Defendant caused class members to sustain property damage and cost in the form of paper and toner.

35. By sending Junk Faxes to the class, Defendant interfered with the class members' use of their property, as class members' facsimile machines were encumbered by the transmission of Defendant's Junk Faxes.

36. Defendant failed to provide the requisite Opt Out Notice on its Junk Faxes, informing the recipients of their right to cease receiving such advertisements and a cost free mechanism to make such request.

37. Failure to provide Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

38. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of its terms.

## COUNT II: INJUNCTIVE RELIEF

39. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

40. Hannahan, on behalf of the Class, respectfully petitions the Court to order Defendant to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and members of the class, Hannahan prays for the following relief:

1. That Defendant be enjoined from engaging in future telemarketing in violation of the TCPA;

2. That Defendant, its agents, or anyone acting on its behalf, be enjoined from altering, deleting or destroying any documents or records that could be used to identify the class members;

3. That this Court certify the claims of Hannahan and all others similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure;

4. That Hannahan and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Defendant and $1,500 for each willful violation;

5. That the Court enter an appropriate order enjoining Defendant, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom Defendant have transmitted unsolicited facsimile advertisements; and

6. That Hannahan and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

### JURY DEMAND

Hannahan requests a jury trial as to all claims of the complaint so triable.

Dated: August 26, 2015

Respectfully submitted,

*/s Sarah Troupis Ferguson*
SARAH T. FERGUSON
HANSEN REYNOLDS DICKINSON CRUEGER LLC
7600 Terrace Ave., Suite 201
Middleton, WI 53562
Telephone: (608) 841-1352
Facsimile: (414) 273-8476
Email: sferguson@hrdclaw.com

J. MATTHEW STEPHENS (ADMISSION PENDING)
**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:      (205) 939-0199
Facsimile:(205) 939-0399
Email: mstephens@mmlaw.net

EDWARD A. BRODERICK (ADMISSION PENDING)
ANTHONY I. PARONICH (ADMISSION PENDING)
**BRODERICK LAW, P.C.**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
Email: ted@broderick-law.com
Email: anthony@broderick-law.com

MATTHEW P. MCCUE (ADMISSION PENDING)
**THE LAW OFFICE OF MATTHEW P. MCCUE**
1 South Ave., Third Floor
Natick, MA 01760
Telephone: (508) 655-1415
Email: mmccue@massattorneys.net

*Attorneys for Plaintiff and Proposed Class*


**Defendant to be served at:**

VISTA DENTAL PRODUCTS
C/O REGISTERED AGENT AGNESSE ROHOLT
2200 NORTHWESTERN AVENUE
RACINE, WI 53404