# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**HANNAHAN ENDODONTIC GROUP, P.C.,**
**Individually, and on behalf of all others**
**similarly situated,**

         Plaintiff,

    **-vs-**                                **Case No. 15-C-1038**

**INTER-MED, Inc.**
**d/b/a VISTA DENTAL PRODUCTS,**

         Defendant.

---

# DECISION AND ORDER

---

In this putative class action, Hannahan Endodontic Group alleges that Inter-Med, Inc., d/b/a Vista Dental Products, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, through the transmission of generic fax advertisements promoting its goods and services (i.e, "Junk Fax" advertisements). Vista Dental moves to stay pending the outcome of two Supreme Court cases – *Spokeo v. Robins*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015), and *Campbell-Ewald Co. v. Gomez*, 768 F.3d 871 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (2015). Vista Dental also argues for a stay pending the result of its application for a waiver of the TCPA's opt-out notice requirement as to faxes sent with the recipient's prior express consent. *See In the Matter of Petition of Inter-Med, Inc. d/b/a Vista*

*Dental Products for Retroactive Waiver of 47 C.F.R. 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338.

While this motion was pending, the Supreme Court issued its decision in *Campbell-Ewald Co. v. Gomez*, No. 14-857, --- S. Ct. ----, 2016 WL 228345 (Jan. 20, 2016). Even so, a stay is still warranted pending the ruling in *Spokeo* and the outcome of Vista Dental's waiver application.

The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Relevant factors for the Court to consider include whether a stay will unduly prejudice or tactically disadvantage the non-moving party, whether a stay will simplify the issues in question and streamline the trial, and whether a stay will reduce the burden of litigation on the parties and on the court. *See Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).

In *Spokeo*, the Supreme Court is considering whether Congress "may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *See* http://www.supremecourt.gov/qp/13-01339qp.pdf. *Spokeo* involves a claim under the Fair Credit Reporting Act, but the FCRA's

- 2 -

statutory damages provision is substantively identical to the one in the TCPA. *See* 15 U.S.C. § 1681n(a)(1)(A) (imposing liability for "any actual damages sustained by the consumer as a result of the failure" to comply with the FCRA "*or damages of not less than $100 and not more than $1,000 …*") (emphasis added); 47 U.S.C. § 227(b)(3) (permitting a TCPA plaintiff to recover for "actual monetary loss from such a violation, *or to receive $500 in damages for each such violation*") (emphasis added). In other words, both statutes create a right to statutory damages without requiring proof of actual injury.

Hannahan argues that its claim is different because it suffered actual damages, the cost of replacing paper and toner as a result of Vista Dental's junk faxes. However, Hannahan also seeks an injunction and statutory damages, individually and on behalf of the putative class. If the Supreme Court were to rule that actual damage is required to confer standing, class certification would be rendered an impossibility. *See* Fed. R. Civ. P. 23(a). Therefore, awaiting the ruling in *Spokeo* has enormous potential to simplify the issues in this case and reduce the burden of litigation. Hannahan argues that it would be prejudiced by the delay, but *Spokeo* was argued in November and a decision can be expected by the end of the Supreme Court's current term in June of 2016. Hannahan asserts that there is a risk that call records will be destroyed as part of the routine destruction of electronic records, but Vista Dental initiated a litigation-hold to preserve those records.

- 3 -

Moreover, a ruling on Vista Dental's FCC petition for a retroactive waiver of the TCPA's opt-out notice requirement has the potential to sharply curb the scope of the alleged class. The Court concurs with cases that have granted stays in such circumstances under the primary jurisdiction doctrine. *See, e.g., Bondhus v. Henry Schein, Inc.*, No. 14-22982-CIV, 2015 WL 1968841 (S.D. Fla. Apr. 30, 2015); *Nack v. Walburg*, No. 4:10CV00478 AGF, 2013 WL 4860104 (E.D. Mo. Sept. 12, 2013); *St. Louis Heart Ctr., Inc. v. Gilead Palo Alto, Inc.*, No. 4:13-CV-958-JAR, 2013 WL 5436651 (E.D. Mo. Sept. 27, 2013).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Vista Dental's motion to stay [ECF No. 14] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 4 -